UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER TAVORRIS WILKINS,

 Plaintiff,

v.              Case No: 5:25-cv-519-WFJ-PRL

SHANNON D. WITHERS, et al.,

 Defendants.

## ORDER

Plaintiff, Christopher T. Wilkins ("Plaintiff"), who is proceeding *pro se,* filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346. Plaintiff sues fifteen staff members at FCC Coleman USP I: Warden Shannon Withers, Assistant Warden White, Captain Sookdeo, Lieutenant Perry, Lieutenant Rao, S.I.S. Adam Jones, S.I.S. Kincade, Officer B. Platero, Officer Spells, Officer Rosado, Officer Berry, Officer Martin, Psychologist Carbonell, Lyncoln Boodoo N.P., and Officer Owens; six other Bureau of Prisons directors and employees: Director Collete Peters, Mid-Atlantic Regional Director C. Gomez, the Central Office, BOP DSCC Bill Parrish, BOP Chief Medical Director, and T. Thomas N.P.; and the United States of America. (Doc. 16) Plaintiff was granted leave to proceed in forma pauperis. (Doc. 15).

**Statutory Screening of Prisoner Complaints**

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determining whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (2) Grounds for Dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted).

## Claims

In his Complaint, Plaintiff claims he was assaulted on October 15, 2024, by BOP staff while he was confined in the Special Housing Unit ("SHU") at FCC Coleman USP I. (Doc. 16 at 17). The assault left Plaintiff with a fracture of his left side 11th rib, swollen ribs, nerve damage to left side ribcage, damage to his right kidney, swollen right eye with vision issues, back pain, a concussion and migraine headaches.

*Id*. at 5, 18–19, 21. Following the assault, Plaintiff was medically assessed by Nurse Benjamin, and she requested he be taken to a hospital, but Lyncoln Boodoo denied the nurse's request. *Id*. at 19. Plaintiff was transferred on October 18, 2025, without having any medical treatment. *Id*. Plaintiff did not receive an x-ray until November 5, 2024, which confirmed the rib fracture, when he was being held at the Oklahoma Transit Center. *Id*. at 5, 21. He claims that since his assault he has only been given ibuprofen for his injuries, which has damaged his kidneys. *Id*. at 5.

## Discussion

Plaintiff sues twenty-one federal officials under *Bivens*, alleging violations of his Eighth Amendment rights. Plaintiff also sues the United States of America under the FTCA, alleging medical negligence, assault, and negligent housing "by placing me on diesel therapy." (Doc. 16 at 12).

In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officials sued in their individual capacities for Fourth Amendment violations. *Id*. at 394–97. The Court extended *Bivens* to a Fifth Amendment claim against a congressman who fired his secretary based on her sex, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979), and an Eighth Amendment claim against prison officials for failure to provide medical treatment, *Carlson v. Green*, 446 U.S. 14, 19–23 (1980). After *Bivens*, *Davis*, and *Carlson*, the Supreme Court "adopted a far more cautious course" before implying causes of action, and thus, "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Ziglar v. Abbasi*, 582 U.S. 120,

132, 135 (2017) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). The Supreme Court "has made [it] clear that expanding" *Bivens* is now "disfavored." *Ziglar*, 582 U.S. at 135 (citation omitted).

A two-step inquiry determines whether a claim is actionable under *Bivens*. First, "ask whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the [Supreme] Court [] implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (cleaned up). "[F]or a case to arise in a previously recognized *Bivens* context, it is not enough that the case involves the same constitutional right and 'mechanism of injury[]'" as a previously recognized context. *Johnson v. Terry*, 112 F.4th 995, 1006 (11th Cir. 2024) (citing *Ziglar*, 582 U.S. at 138–39); *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020). "The inquiry is 'whether the two cases have any relevant differences, not whether they are mostly the same.'" *Johnson v. Terry*, 112 F.4th at 1014. Even a small difference can present a new context. *See id*.

Second, if the case presents a new context, a *Bivens* remedy is "unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1007 (quoting *Egbert*, 596 U.S. at 492). "If there is even a single 'reason to pause before applying Bivens in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492. "One notable special factor is the existence of an alternative remedial structure." *Johnson v. Terry*, 112 F.4th at 1014–15. Importantly, the Eleventh Circuit recently ruled that the existence of the Federal Bureau of Prisons'

administrative remedy program, alone, counseled against extending *Bivens* to a prisoner's claim. *Id*. at 1015–17; *see also Malesko*, 534 U.S. at 74.

Another factor counseling hesitation is legislative action suggesting that Congress does not want a damages remedy. *Ziglar*, 582 U.S. at 148. Specifically, as the Supreme Court noted in *Ziglar*:

> Some 15 years after *Carlson* [*v. Green*] was decided, Congress passed the [PLRA], which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion requirements would apply to *Bivens* suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.

*Id*. at 148–49 (internal citations omitted). As other courts have recognized, Congress has been active in prisoner's rights and has not created a damages remedy against an individual officer. *See, e.g., Berry v. Bureau of Prisons*, No. 5:20-cv-424-KKM-PRL, 2021 WL 4166181, at *3 (M.D. Fla. July 27, 2021) (explaining that the choice by Congress to not create a damages remedy for cases like this one "forecloses this [c]ourt from taking it upon itself to legislate monetary damages for constitutional claims where the legislative branch elected not to do so"); *Dugan v. Scott*, No. 5:13-cv-235-Oc-32PRL, 2019 WL 4737609, at *5 (M.D. Fla. Sept. 27, 2019) ("[g]iven Congress's active role in the area of prisoner rights, this factor causes the Court to 'hesitate' and weighs against extending [the] *Bivens* remedy in this case"); *McRae v. Lockett*, No. 5:17-cv-299-Oc-02PRL, 2019 WL 2303264, at *6 (M.D. Fla. May 30, 2019) ("While Congress's failure

to create a damages remedy is not definitive, the fact remains that Congress has been active in the area of prisoners' rights and has not created a damages remedy.").

### **Eighth Amendment**

Plaintiff claims the assault was excessive force and the denial of medical treatment constituted deliberate indifference to his serious medical needs.

The Supreme Court extended *Bivens* to one Eighth Amendment claim for deliberate indifference to a prisoner's serious medical need. *See Carlson*, 446 U.S. at 19–23; *see also Ziglar*, 582 U.S. at 138 (declining to extend *Bivens* to a Fifth Amendment conditions of confinement claim); *Egbert*, 596 U.S. at 486 (declining to extend *Bivens* to an excessive force claim against a Border Patrol agent). In *Carlson*, prisoner was housed — against the advice of doctors and despite his known medical condition — at a facility with inadequate medical care. *Carlson*, 446 U.S. at 16, 17 n.1. Prison officials provided the prisoner inadequate medical care after an asthma attack, administered contra-indicated medication, provided an inoperative respirator that impeded his breathing, and did not timely transfer him to an outside hospital. *Id*. at 17. The officials' actions resulted in the prisoner's death. *Id*.

Plaintiff's deliberate indifference claims allege that officials interfered with his medical treatment resulting in a complete lack of and/or delayed care. In *Johnson v. Terry*, the Eleventh Circuit found a plaintiff's claim that "involve[d] prison officials, medical officers in the prison, and the deprivation of 'medically necessary assistance[,]'" did not arise in the "same context" as *Carlson* because the two cases

shared only "superficial similarities." *Johnson v. Terry*, 112 F.4th at 1014. Like the plaintiff in *Johnson v. Terry*, Plaintiff does not present a claim that he "died from an asthma attack when officials failed to provide the medical care required." *Id*. Consequently, the Eleventh Circuit's reasoning in *Johnson v. Terry* applies equally to this action and Plaintiff's deliberate indifference claim presents a new *Bivens* context.

In *Johnson v. Terry*, the Eleventh Circuit found the Federal Bureau of Prison's administrative remedy program was an alternative remedy for an Eighth Amendment deliberate indifference claim, and the program's existence counseled against extending *Bivens* to Johnson's claim. *Id*. at 1014–17. The Federal Bureau of Prison's administrative remedy program similarly provided a remedy to Plaintiff. Therefore, Plaintiff's Eighth Amendment claims are not cognizable under *Bivens* and are due to be dismissed.[1]

**FTCA**

Under the Federal Tort Claims Act, the United States is liable for the negligence of federal employees acting within the scope of their employment if a private person under like circumstances would be liable under the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b)(1); *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). The United States is the only permissible defendant in an FTCA action. *See* 28 U.S.C. § 2679(b)(1). "It is undisputed that under [the FTCA], a tort

---

[1] Additionally, the Supreme Court has never extended *Bivens* to an excessive force claim. *See Robinson v. Sauls*, 102 F.4th 1337, 1347 (11th Cir. 2024) ("declin[ing] to create an implied cause of action against task force members for use of excessive force[ ]").

claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision." *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) (emphasis in original); *see also* 28 U.S.C. § 2401(b).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Eighth Amendment *Bivens* claims are **DISMISSED** for failure to state a claim.

2. To the extent Plaintiff wishes to proceed on his FTCA claims against the United States of America, Plaintiff must file a Second Amended Complaint on the civil rights complaint form within **TWENTY-ONE days** from the date of this Order.[2] The failure to file the Second Amended Complaint within the allotted time will result in the dismissal of this case without further notice.

3. The **Clerk** shall send Plaintiff a blank civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on October 29, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Party

---

[2] Plaintiff should note that an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinks v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1201 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the initial complaint.