**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHRISTOPHER TAVORRIS WILKINS,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-519-WFJ-PRL**

**UNITED STATES OF AMERICA,**

**Defendant.**
**_______________________________/**

**ORDER**

THIS CAUSE comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction as to Fed. R. Civ. P. 65. (Doc. 36). In the Motion, Plaintiff claims that the Federal Bureau of Prisons ("BOP") is depriving him of "official detention jail credit," is interfering with his administrative remedies, "reassigned/transferred Plaintiff or issued disciplinary/designation actions in violation" of BOP policies, and is interfering with Plaintiff's mail. *Id.* at 1–2. For relief, Plaintiff seeks an order directing Defendant to (1) reinstate his pre-trial jail credits, (2) cease and desist any further retaliation against Plaintiff for exercising his First Amendment rights, (3) stop tampering with Plaintiff's mail, to comply with federal law and BOP policy related to mail handling, (4) comply with BOP procedures regarding designation and credit procedures, (5) place Plaintiff in medium custody, (6) preserve evidence related to this case, and (7) grant expedited discovery in this case. *Id.* at 5–6.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'"[1] *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel*, 234 F.3d at 1176. A request for injunctive relief must be related to the claims raised in the operative complaint. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden showing the "extraordinary and drastic remedy" of injunctive relief is warranted. *See Wreal*, 840 F.3d at 1247. Following the

---

[1] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b); *see also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

Court's July 24, 2026 Order on Defendant's Motion to Dismiss, only a claim of battery against BOP officers at USP Coleman I remains. *See* Doc. 35. To the extent Plaintiff seeks relief related to pre-trial jail credits, retaliation, mail tampering and handling, compliance with BOP procedures, and his housing placement, these are "matter[s] lying wholly outside the issues of [this] suit." *See Kaimowitz*, 122 F.3d at 43.

If Plaintiff believes the BOP is incorrectly calculating his sentence, he should seek appropriate relief by filing grievances or initiating a habeas petition under 28 U.S.C. § 2241. *See Muhammad v. Close,* 540 U.S. 749, 750 (2004) (requests for relief relating to the circumstances of confinement may be presented in a civil rights action, while challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus). Additionally, if Plaintiff believes corrections officials at have violated his constitutional rights beyond the scope of the claims raised in this action, he should seek appropriate relief by filing grievances or initiating a new civil rights action after exhausting his administrative remedies. However, Plaintiff is advised that any civil rights action he files about conduct or conditions at USP Atwater should be filed in the United States District Court for the Eastern District of California.

To the extent Plaintiff seeks expedited discovery, he is reminded that "discovery does not open until the Court enters a scheduling order." *See* Doc. 23 at 5. By Order dated July 24, 2026, Defendant was directed to file an answer or otherwise respond to the battery claim in Plaintiff's Second Amended Complaint. (Doc. 35 at 12). Defendant's response is due by August 14. *Id*. Plaintiff is advised that after Defendant

files an answer, the Court will enter a scheduling order with detailed discovery instructions.

Finally, to the extent Plaintiff seeks the preservation of evidence related to this case, Plaintiff is advised that in the Eleventh Circuit, a party has a duty to preserve all potentially relevant evidence within its control when litigation is pending or reasonably foreseeable. *Ala. Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 740 (N.D. Ala. 2017) (citing *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009)). He is further advised that attached to Defendant's Motion to Dismiss is a Form 586 After Action Review Report that notes video tapes, evidence and original documents are stored in S.I.S. (Doc. 27-4 at 1–3).

Accordingly, Plaintiff's Motion (Doc. 36) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Pro Se Party
Counsel of Record