**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHRISTOPHER TAVORRIS WILKINS,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-519-WFJ-PRL**

**UNITED STATES OF AMERICA,**

**Defendant.**
**_________________________________/**

**ORDER**

THIS CAUSE comes before the Court on Plaintiff's Motion to Reconsider Plaintiff's Medical Negligence Claims (Doc. 42), which seeks reconsideration of the Court's Order (Doc. 35) dismissing his medical negligence claim. For the reasons set forth below, the Motion will be denied.

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest

injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

In his Motion, Mr. Wilkins seeks reconsideration of the Court's dismissal of his medical negligence due to his failure to comply with Florida's medical negligence law prior to bringing his medical negligence claim. (Doc. 42). He claims that the administrative remedies he filed in the Bureau of Prisons satisfied the requirements and that it is "pretty much impossible" to get the medical expert opinion due to his status as a pro se prisoner. (Doc. 42 at 4). While a pro se litigant is held to "less stringent standards than formal pleadings drafted by lawyers" *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not eliminate the requirement to comply

with the presuit requirements found in Chapter 766 of the Florida Statutes. Mr. Wilkins has not met his burden for reconsideration.

Accordingly, Mr. Wilkins's Motion (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 10, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>Copies furnished to</u>**:
Pro Se Party
Counsel of Record